IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREGORY R. SMITH,<br><br>Petitioner,<br><br><br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE<br><br><br><br>Civil Case No. 2:09-CV-44 TS<br><br>Criminal Case No. 2:07-CR-446 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On July 16, 2007, Petitioner was charged, by way of a Felony Information, with two counts of Access Device Fraud in violation of 18 U.S.C. § 1029 and two counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. Petitioner pleaded guilty to all charges on January 28, 2008.

The plea agreement called for Petitioner to plead guilty to all charges, agree to waive most of his appeal rights, and agree to restitution payments. In exchange, the government agreed

to forego the filing of other charges, agreed to a reduction for acceptance of responsibility, and agreed to recommend a sentence at the low-end of the guideline range.

On August 4, 2008, Petitioner was sentenced to a total of 54 months incarceration. This represented 30 months for the Access Fraud convictions and 24 months, as mandated by statute, for the Aggravated Identity Theft convictions, which were to run concurrent to each other.

Petitioner did not file a direct appeal. Petitioner timely filed this Motion. In his Motion, Petitioner raises the following issues: (1) the Court exceeded its jurisdiction by imposing a sentence greater than it had the authority to impose under the Constitution; and (2) ineffective assistance of counsel in failing to: (a) object to enhancements in the presentence report and (b) advise Petitioner that he had issues to appeal. In his Reply Brief, Petitioner also asserts an ineffective assistance of counsel claim relating to his plea.

## II.  ANALYSIS

### A.    COLLATERAL APPEAL WAIVER

In his plea agreement,[1] Petitioner waived both his direct and collateral appeal rights as follows:

> (c) Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in paragraph 11 of this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute(s) of conviction, or (2) a sentence above the high-end of the guideline range as determined by the Court at sentencing, or in the event that no such determination is made by the Court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

---

[1]Docket No. 7 in Case No. 2:07-CR-446 TS.

(d) I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.[2]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[3]  In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[4]

1.   *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[5]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255.  The Court detects no ambiguity whatsoever in the language.

---

[2]*Id*. at ¶ 8.

[3]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[4]*United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[5]Docket No. 7 ¶ 8 in Case No. 2:07-CR-446 TS.

Petitioner claims that the Court exceeded its jurisdiction by imposing a sentence greater than it had the authority to impose under the Constitution.  This claim is essentially an *Apprendi*[6] argument which Petitioner attempts to frame as an argument under Article III of the Constitution.  However, it is clear that *Apprendi* claims can be waived.[7]  The Court finds that this claim falls within the scope of the broad waiver discussed above.

Additionally, Petitioner argues that his counsel was ineffective for failing to object to enhancements contained in the presentence report and for failing to advise Petitioner that he had issues on appeal.[8]  Petitioner further argues, in his Reply Brief, that he received ineffective assistance of counsel in relation to his plea.  The Tenth Circuit has held that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[9]  Petitioner's original two ineffective of assistance claims do not challenge the validity of the plea or the waiver.  Thus, the Court finds that those claims are within the scope of the waiver.  Petitioner's claim, raised in his Reply Brief, claiming ineffective assistance in relation to his plea will be discussed below.

---

[6] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[7] *United States v. Buonocore*, 416 F.3d 1124, 1138 n.1 (10th Cir. 2005) ("It is clear, of course, that a defendant can waive constitutional rights, including the bundle of Sixth Amendment rights referred to as *Apprendi* rights.").

[8] The Court would note that Petitioner does not allege that he asked his counsel to file an appeal and his counsel failed to do so.  As Petitioner only claims that his counsel was ineffective for failing to consult with him about a possible appeal, Petitioner's claim is subject to the waiver. *See United States v. Ellis*, 201 Fed.Appx. 588, 590-91 (10th Cir. 2006) (finding that claim that counsel failed to consult with a § 2255 petitioner about the possibility of an appeal is subject to waiver).

[9] *Cockerham*, 237 F.3d at 1187.

4

    2.     *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[10]  In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[11] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[12]  Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[13]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily.  The language of the waiver states that "I . . . knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[14]

---

[10]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[11]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[12]*Id*. (citations omitted).

[13]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

[14]Docket No. 7 ¶ 8 in Case No. 2:07-CR-446 TS.

Next, the Court considers whether there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner.  The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[15]  Having reviewed the plea colloquy, the Court finds that it was adequate under Rule 11.

In addition to the plea colloquy, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . .  I have discussed this case and this plea with my lawyer as much as I wish to.  I am satisfied with my lawyer.  My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of drugs, medication or intoxicants.  I have no mental reservations concerning the plea."[16]

Based on the above, the Court finds that both Petitioner's plea and the waiver were knowing and voluntary.

3.     *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[17]

To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance

---

[15]*United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

[16]Docket No. 7 in Case No. 2:07-CR-446 TS.

[17]*Hahn*, 359 F.3d at 1327 (citations omitted).

by the court upon an impermissible factor such as race in imposition of the
sentence; (2) ineffective assistance of counsel in connection with the negotiation
of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver
is otherwise unlawful and seriously affects the fairness, integrity, or public
reputation of judicial proceedings.[18]

Petitioner bears the burden of establishing a miscarriage of justice.[19]

First, there is no evidence that the Court relied upon an impermissible factor.

Second, as discussed above, Petitioner's original ineffective assistance of counsel claims do not allege ineffective assistance in connection with the waiver or the plea.  Petitioner's claim that his plea was not knowing and voluntary because of his counsel's ineffective assistance will be discussed below.

Third, Petitioner does argue that his sentence exceeded the statutory maximum. However, the statutory maximum at issue here is "the upper limit of punishment that Congress has legislatively specified for the violation of a given statute."[20]  Petitioner was clearly sentenced below the statutory maximum.  Thus, this is not at issue.

Finally, the waiver is not otherwise unlawful and does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court finds that the majority of this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice.  Therefore, this Court will enforce Petitioner's waiver.

---

[18]*Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[19]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

[20]*United States v. Green*, 405 F.3d 1180, 1194 (10th Cir. 2005).

B.     INEFFECTIVE ASSISTANCE

Petitioner, in his Reply Brief, argues that his plea was not knowing and voluntary as a result of ineffective assistance of counsel.  Specifically, Petitioner claims that his counsel was ineffective for failing to correctly estimate his sentence.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[21]

To successfully claim ineffective assistance then, Petitioner must show two things.  First, he must show that Counsel functioned deficiently.[22]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[23]  Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[24]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[25]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[26]

---

[21]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[22]*Strickland*, 466 U.S. at 687.

[23]*Id.*

[24]*Id.*

[25]*Id.*

[26]*Id.*

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[27]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[28]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[29]

Petitioner claims that his counsel was ineffective for failing to correctly estimate his sentence.  The Tenth Circuit has held that a mere miscalculation or erroneous sentence estimate "is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[30] Further, Petitioner cannot show prejudice.  Petitioner was informed at the change of plea hearing of the maximum possible penalties for the counts to which he was pleading guilty and that it was the province of the Court to determine the appropriate sentence at the time of sentencing.  The Court stressed to Petitioner "that ultimately the sentence you will receive from this Court will be determined by the Court and not by [the government's attorney] or [Petitioner's attorney] or even the Sentencing Guidelines[.]"[31] Petitioner still chose to plead

---

[27]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[28]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[29]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[30]*United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

[31]Change of Plea Trans. 19:18-21.

guilty.  Considering the above, the Court finds that Petitioner has failed to show ineffective assistance.[32]

## III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No. 2:09-CV-44 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:09-CV-44 TS forthwith.

SO ORDERED.

DATED   May 14, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[32]*See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (attorney sentence miscalculation did not result in prejudice where court explained that it retained discretion as to what sentence would be).