IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREGORY R. SMITH,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondant. | MEMORANDUM DECISION AND ORDER DENYING CERTIFICATE OF APPEALABILITY<br><br><br><br>Case No. 2:09-CV- 44 TS<br>Criminal Case No. 2:07-CR-446 TS |

Petitioner moves for a certificate of appealability. Because this Court denied his Motion under 28 U.S.C. § 2255, Petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[1]  "To make the requisite showing, [the petitioner] must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

---

[1] See 28 U.S.C. § 2253(c)(2).

1

presented were adequate to deserve encouragement to proceed further.'"[2] Petitioner has not made such a showing.

Petitioner argues the Court erred as follows: (1) by finding his claim of ineffective assistance of counsel based on an error in calculating a guideline range was barred by collateral rights waiver in his plea agreement; (2) by finding that *Apprendi*-type issues could be waived; (3) in following controlling case law construing the term "statutory maximum"; and (4) in failing to follow the allegedly controlling precedent of *Glover v. United States*.[3]

For the reasons stated in the Court's Order Denying the § 2255 Motion, the Court finds reasons one through three do not "show that reasonable jurists could debate whether the petition should have been resolved in a different manner" not do they show "that the issues presented were adequate to deserve encouragement to proceed further." As to the fourth reason, the Court notes that *Glover* did not involve a waiver of collateral rights or the claim of ineffective assistance of counsel in connection with a plea agreement. Therefore, it was not controlling case law.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, it is therefore

---

[2]*United States v. Klingensmith*, 2009 WL 1970114, 1 (10th Cir. July 9, 2009) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (alterations and omissions in *Klingensmith*).

[3]531 U.S. 198 (2001)

ORDERED that Petitioner's Motion for a Certificate of Appealability (Docket No. 12) is DENIED.

DATED   July 13, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge